## Third Department, June, 1935.

In the Matter of the Application of John F. Terko and Another, Respondents, for a Mandamus Order against The Board of Supervisors of Columbia County, Appellant.

Hill, P. J., McNamee, Crapser and Heffernan, JJ., concur; Rhodes, J., dissents, with an opinion.

Rhodes, J. (dissenting). I think the order should be reversed.

It is undisputed that the petitioners' land has been appropriated by the State in building the highway in question. Petitioners' land was not included in the maps of the location of the proposed highway. All such rights of way as were indicated on the map have been acquired by the county, but in some manner of deviation, petitioners' land in question is within the line of the highway, and has thus been appropriated.

I think petitioners' claim is against the State, and is exactly like the case of *Rochford* v. *State of New York C-47* (1st case) at the same term with the present case.

Under the Highway Law, including section 148, the county does not build the highway. As a condition of building the highway the State requires counties to acquire rights of way. Here the county has not been requested or required to obtain this right of way, but the State has entered upon the petitioners' property and appropriated it by the power of sovereignty.

Petitioners say that in a prior action Justice Schenck determined that " applicant's remedy was by mandamus." It does not appear that the decision was appealed from and, therefore, is to be regarded as the law as between the parties thereto, but petitioners have now availed themselves of the remedy by mandamus, and upon the facts presented it appears that they have no claim against the board of supervisors under mandamus or otherwise. I think petitioners' remedy is to demand compensation from the State for having appropriated their property as an act of sovereignty.